UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMBER MARIE LETTS CORDOVA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:11-CV-210 RM |
| ) | |
| UNIVERSITY OF NOTRE DAME and ) | |
| CHARLES EDWARD BARBER, ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

The University of Notre Dame and Charles Barber have moved to dismiss Amber Cordova's complaint pursuant to Federal Rule of Civil Procedure 8(a)(2). The defendants maintain that Ms. Cordova's complaint doesn't comply with the law's requirement that she show she is entitled to relief and the complaint is so "convoluted, redundant, and voluminous that defendants are uncertain about the claims [Ms. Cordova] has brought against them." Mot., at 1. Ms. Cordova hasn't responded to the defendants' motion, and the time for doing so has passed. *See* N.D. Ind. L.R. 7.1(a).

The minimum requirements for pleading a claim for relief are found in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and each allegation to be "simple, concise, and direct." FED. R. CIV. P. 8(a)(2), (d)(1). The Rules also require that a party's claims be stated in numbered paragraphs, "each limited as far as

practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "The primary purpose of [Rule 8] is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

Ms. Cordova's 91-page complaint violates Rules 8 and 10. The complaint doesn't contain a "short and plain statement" of her claims, the allegations of the complaint aren't "simple, concise, and direct," the numbered paragraphs – which total 495, plus various subparts and sub-subparts – aren't each limited to a "single set of circumstances," and other than random references to "the ADA," "the ReHab Act," and "34CFR104," the complaint contains no citation to the law governing the various claims. The complaint contains 41 causes of action, including

– claims of intentional discrimination in employment in at least seven of the causes of action;

– claims of breach of contract in at least a dozen causes of action;

– claims of discrimination based on disability in ten or more causes of action;

– claims of intentional infliction of emotional distress in at least eight causes of action;

– violations of "the ADA" and/or "the ReHab Act" in five or more causes of action;

2

– a "Tenth Cause of Action: [breach] of contract," which states that "Ms. Cordova pleads this alternatively and concurrently under disability rights laws;"

– a Thirteenth Cause of Action, which lists a claim of "Fraud," but contains no allegations of fraud in any of its twenty-one paragraphs;

– a Nineteenth Cause of Action, which states that "Ms. Cordova asks the court to construe this cause of action as plead separately and concurrently under the ADA and Rehab Act, contract law and duty of care;"

– a Thirtieth Cause of Action, which includes a claim of "Fraud," but contains no allegations that meet the particularity requirement of Federal Rule of Civil Procedure 9(b);

– improper conclusions of law, *see, e.g.*, paragraph 17 ("By submitting an assurance of compliance the University agrees it is in compliance with the ReHab Act, the ADA and all amendments and implementing regulations."); paragraph 18 ("Notre Dame receives funding from the US Department of Education and is therefore subject to all of the Code of Federal Regulations that the DOE requires compliance with."); paragraph 19 ("Due to the University's funding from the Department of Education, the University is required to comply with 34CFR104."); paragraph 276 ("This action meets the statutory requirement for establishing a hostile environment and hostile dismissal from employment based on disability."), paragraph 279 ("As recipient of Federal Financial Aid from the Department

of Education the University is required to comply with the implementing regulations of the ReHab Act as set out in 34 CFR 104."), paragraph 290 ("Notre Dame's intentional failure to comply with 34CFR 104.7 shows an intentional reckless disregard for the duty of care it owed to Ms. Cordova as an employee."), paragraph 296 ("The University of Notre Dame du Lac is a covered employer under the meaning of the acts."), paragraph 304 ("This harm occurred due to intentional failure to comply with federal statutes, proving negligence per se."), paragraph 330 ("Failure to state Disability as a protected class which may not be discriminated against in the department guide to graduate studies is a breech [sic] of federal disability laws ADA and the ReHab Act."), and paragraph 396 ("The Committee's findings and recommendations were in violation of the ADA and ReHab act."); and

– numerous incomplete sentences like those contained in paragraph 169 ("This failure to act to protect Ms. Cordova from unlawful harm. Negligent infliction of emotional distress."), paragraph 234 ("Email between Scott Howland and"), paragraph 235 ("Ms. Cordova deserves and asks for relief from"), paragraph 251 ("Neglected it's promises, acts not in keeping with the Christian Values it professes and the Religious affiliation it receives benefit from in taxes"), paragraph 259 ("The ADA requires that Notre Dame maintain published policies and procedure a person appointed to"), and paragraph 265 ("The University confessed it's [sic] reckless disregard for this violation of contract and law"),

all of which make it impossible for the court or the defendants to understand whether a valid claim is being alleged. *See* United States *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-776 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.").

"Although the court generally regards Rule 8 as a shield for pleaders rather than a sword for those pleaded against, it is true that in unusual cases an excessively lengthy complaint may be so confusing and disjointed as to warrant dismissal for failure to comply with Rule 8." George v. Kraft Foods Global, Inc., No. 06-cv-798, 2007 WL 853998, at *3 (S.D. Ill. Mar. 16, 2007). Because Ms. Cordova's complaint is made "unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter," Garst v. Lockheed-Martin, 328 F.3d at 378, the court GRANTS the defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 8 [docket # 39]. Ms. Cordova is AFFORDED to and including July 13, 2011 to file an amended complaint. If no amended complaint is filed by that date, judgment will be entered against her.

SO ORDERED.

ENTERED:    June 23, 2011

   /s/ Robert L. Miller, Jr.
Judge, United States District Court